ROBERT W. FREEMAN
Nevada Bar No. 3062
Robert.Freeman@lewisbrisbois.com
FRANCIS A. ARENAS
Nevada Bar No. 6557
Francis.Arenas@lewisbrisbois.com
LEWIS BRISBOIS BISGAARD & SMITH LLP
6385 S. Rainbow Boulevard, Suite 600
Las Vegas, Nevada 89118
702.893.3383
FAX: 702.893.3789
*Attorneys for Defendant State Farm Mutual*
*Automobile Insurance Company*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

***

| | |
|---|---|
| JAMIE DODGE, an individual; and ZACHARY DODGE, an individual<br><br>Plaintiffs,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, DOES I through X; and ABC CORPORATIONS A-Z, inclusive,<br><br>Defendants. | CASE NO.: 3:25-cv-00245-ART-CSD<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER** |

The parties, by and through their undersigned counsel, hereby submit this Stipulated Confidentiality Agreement and Protective Order and state as follows:

A. State Farm Mutual Automobile Insurance Company ("STATE FARM") possesses certain information and documents that contain confidential, proprietary, or trade secret information that may be subject to discovery in this action, but that should not be made publicly available.

B. The information and documents that contain confidential information, proprietary information, or trade secrets may have been developed with the support of STATE FARM's legal counsel to provide Nevada-specific jurisdiction information to its employees. These custom documents are tailored to the needs of State Farm employees and have been developed for the use of State Farm employees only.

161002587.1

C. The information and documents that contain confidential information, proprietary information, or trade secrets contain detailed processes and procedures of STATE FARM's innerworkings related to the claim handling process. STATE FARM would be disadvantaged in the marketplace if competitors were able to access these specially developed policies and procedures.

D. A protective order is required in this matter and is typical for cases where STATE FARM is a party. The amount of time, money, and institutional knowledge STATE FARM has dedicated to the development and maintenance of these documents cannot be understated. In the highly competitive insurance market, these critical documents are what set STATE FARM apart from its competitors. A protective order is an effective way for STATE FARM to guarantee the protection of its information and documents that contain confidential information, proprietary information, or trade secrets.

E. The parties therefore request that the Court enter the following Protective Order to properly balance the discovery rights of Plaintiffs JAMIE AND ZACHRY DODGE, (hereinafter referred to as "Plaintiffs") with STATE FARM's rights to protect its private, confidential, proprietary, or trade secret information:

1. All production and disclosure of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, by STATE FARM during this litigation shall be governed by this Order, including, but not limited to, information contained in or derived from documents, deposition testimony, deposition exhibits, trial testimony, computer memory or archives, other written, recorded or graphic matter, and all copies, excerpts, or summaries thereof (collectively, "information").

2. For purposes of this Confidentiality Agreement and Protective Order, the term "Confidential Information" shall refer to: (1) information which any party or non-party believes in good faith to be a trade secret or confidential research, development, commercial, or other proprietary business information within the meaning of FRCP 26(c)(1); and (2) documents and/or testimony that may reveal confidential, proprietary, personal, or commercially sensitive information. Such Confidential Information may be contained in any written, printed, recorded, or graphic matter of any kind and shall retain its confidential designation regardless of the medium on

which it is produced, reproduced, or stored. Such Confidential Information may also be elicited at deposition or through written discovery.

3. Information subject to this Protective Order shall be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by STATE FARM by stamping "CONFIDENTIAL," "TRADE SECRET," or otherwise indicating confidentiality, trade secret or produced subject to this Protective Order, as appropriate, on the face of a single-page document, on at least the initial page of a multi-page document, and in a prominent location on the exterior of any tangible object. Any electronically stored information may be designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER through a correspondence providing the media and a hard copy or printout shall be treated as protected material of the same designation. Designation may only be made after a good faith review by counsel of record and counsel making a designation shall comply with the standards set forth in FRCP 26(c) when designating information as CONFIDENTIAL, TRADE SECRET or SUBJECT TO PROTECTIVE ORDER.

4. With respect to deposition testimony, STATE FARM may, either on the record at the deposition or by written notice to counsel for Plaintiff no later than twenty-one (21) days after receipt of the transcript of said deposition, designate portions of testimony as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. All testimony, regardless of whether designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER on the record, shall be treated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER until twenty-one (21) days after receipt of the transcript of said deposition by all parties. Certain depositions may, in their entirety, be designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER prior to being taken because of the anticipated testimony. **Furthermore, any document designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall maintain that designation and the protections afforded thereto if introduced or discussed during a deposition**.

5. The inadvertent or unintentional disclosure by STATE FARM of information considered to be CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall not be deemed a waiver in whole or in part of STATE FARM's claim of protection pursuant to

1  this Protective Order, either as to the specific information disclosed or as to any other information
2  relating thereto.  Any such inadvertently or unintentionally disclosed information shall be
3  designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER as
4  soon as reasonably practicable after STATE FARM becomes aware of the erroneous disclosure and
5  shall thereafter be treated as such by all receiving persons absent re-designation pursuant to Court
6  order. Upon receipt of the properly designated documents, the recipient must return or destroy the
7  non-designated set within three (3) days.  If the recipient destroys the documents, then the recipient
8  must provide written certification of the destruction to the producer of the information within three
9  (3) days of receipt of the properly designated documents.  In addition, the production or disclosure
10 by STATE FARM of an attorney-client privileged, attorney work product, or other protected
11 document or information, whether inadvertent or otherwise, shall not be deemed a waiver of the
12 privilege, work product, or other protection or immunity from discovery by STATE FARM in this
13 or any subsequent state or federal proceeding pursuant to NRS 49.095 regardless of the
14 circumstances of disclosure.  If any party becomes aware of the production or disclosure of such
15 protected information by STATE FARM, that party shall provide written notice of such production
16 or disclosure within three (3) days after it becomes aware that protected information has been
17 disclosed or produced.

18      6.    When information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO
19 PROTECTIVE ORDER is presented, quoted or referenced in any deposition, hearing, trial or other
20 proceeding, counsel for the offering party shall make arrangements or, when appropriate, request
21 the Court to make arrangements, to ensure that only persons entitled to such information pursuant
22 to Paragraph 9 are present during such presentation, quotation or reference.

23      7.    Subject to the requirements of Paragraph 11 of this Agreement, no person receiving
24 information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE
25 ORDER shall disclose it or its contents to any person other than those described in Paragraph 9
26 below; no such disclosure shall be made for any purposes other than those specified in that
27 paragraph; and in no event shall such person make any other use of such information.  Counsel shall
28 be responsible for obtaining prior written agreement to be bound to the terms of this Agreement

4

from all persons to whom any information so designated is disclosed, and shall be responsible for maintaining a list of all persons to whom any information so designated is disclosed and, for good cause shown, such list shall be available for inspection by counsel for STATE FARM upon order of the Court; provided, however, that the requirements of this sentence shall not apply to disclosures made pursuant to Paragraphs 9(h) and/or 11 of this Protective Order.

8. Except as agreed by STATE FARM or as otherwise provided herein, including in Paragraphs 9(h) and 11 of this Protective Order, information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER shall (1) only be used in the preparation for trial and/or any appeal of this Action and (2) be maintained in confidence by the party(ies) to whom it is produced and not disclosed by such party(ies) except to persons entitled to access thereto pursuant to Paragraph 9 below. Except as provided in Paragraphs 9(h), (g), (k), and 11 of this Protective Order, information which is CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not be used by any person receiving such material for any business or competitive purpose or for use in matters other than this lawsuit, including other matters involving STATE FARM.

9. Information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER by STATE FARM shall be disclosed only to the following persons:

(a) attorneys actively working on or supervising the work on this case;

(b) persons regularly employed or associated with the attorneys actively working on this case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

(c) the parties, including designated representatives and counsel for the entity defendant;

(d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case and the expert or consultant has signed a written acknowledgement attached as *Exhibit A;*

(e) the Court and its employees ("Court Personnel");

(f) stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g) deponents, witnesses, or potential witnesses, who have first-hand knowledge of the document and have signed a written acknowledgment attached as *Exhibit A;*

(h) the Nevada Division of Insurance, law enforcement officers, and/or other government agencies, as permitted or required by applicable state and federal law, including, but not limited to, NRS 686A.283 to NRS 686A.289, inclusively;

(i) a jury involved in litigation concerning the claims and any defenses to any claims in this lawsuit;

(j) anyone as otherwise required by law;

(k) as authorized by the parties specifically; and

(l) other persons by written agreement of the parties when the person has signed a written acknowledgement attached as *Exhibit A*.

Under no circumstances shall this protective order be construed as preventing the ability of a party or parties to: (a) utilize the documents or testimony deemed confidential as exhibits to filings with the Court; (b) utilize the documents or testimony deemed confidential as exhibits to depositions; (c) utilize the documents or testimony deemed confidential as exhibits to at any trial or hearing; or (d) to close the courtroom to the public because of exhibits and testimony about the information deemed confidential under this agreement.

10. Subject to Paragraph 11 of this Protective Order, the recipient of any information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER pursuant to this Agreement shall maintain information in a secure and safe area and shall exercise due and proper care with respect to the storage, custody and use of all such information.

11. Nothing in this Protective Order disallows STATE FARM's maintenance or use of information and documents in or pursuant to: its electronic claim system; the privacy requirements of the Nevada Division of Insurance and other applicable state and federal laws; the records retention requirements of the Nevada Division of Insurance, the Nevada Rules of Professional Conduct, or other applicable state and federal laws; the records retention practices of STATE FARM; and any

written Court Order. Further, nothing in this Protective Order disallows reporting of information by STATE FARM as permitted and/or required by applicable state and federal law, including NRS 686A.283 to NRS 686A.289, inclusively, including reporting to Insurance Services Office, Inc.

12. Plaintiff may, at any time during the pendency of this lawsuit, request from STATE FARM, in writing, the release of information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER from the requirements of the terms and provisions of this Protective Order. Upon receipt of such request, counsel for STATE FARM and counsel for Plaintiff shall attempt to meet and confer. If the parties are unable to agree with the protected designation of a disclosure, the disclosing party may, within thirty (30) days of the meet-and-confer, file a motion with the Court to maintain the disputed designation. During the pendency of such a motion, the disclosing party's designation will remain in force. Should the disclosing party not seek protection from the Court within thirty (30) days of the meet-and-confer, the protected designation will be withdrawn. In the event a motion for protection is filed, all burdens to demonstrate good cause for a protected designation shall remain with the disclosing party. Nothing in this Protective Order shall preclude any party from responding to a validly issued subpoena, provided, however, that the party responding to the subpoena shall provide written notice of such subpoena to the attorney of the party that originally produced the documents within three (3) days of receipt of a subpoena, which seeks production or disclosure of the information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. Production or disclosure of information which is designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER may not occur until the deadline set forth in a validly issued subpoena, absent agreement of the parties.

13. Nothing in this Protective Order shall prevent or restrict counsel for STATE FARM from inspecting, reviewing, using, or disclosing the information designated as CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER. No disclosure pursuant to this paragraph shall waive any rights or privileges of any party granted by this Protective Order.

14. Nothing in this Protective Order shall be construed as a limitation on the use of evidence in a submission to the Court or at trial, subject to such confidentiality provisions as may be ordered by the Court. However, prior to utilizing or filing a document which is designated

1  CONFIDENTIAL, TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER, the party
2  intending to utilize the document must provide notice to the party that originally produced the
3  document. The party that originally produced the document may request that the document be filed
4  with restricted access or under seal. Furthermore, any party shall have the right to request that any
5  hearing or portions thereof be conducted in camera. The Court shall retain jurisdiction to modify
6  the terms of this Protective Order.

7      15.    The obligations of this Protective Order shall survive the termination of this action
8  and continue to bind the parties and their counsel. The Court will have continuing jurisdiction to
9  enforce this Protective Order irrespective of the manner in which this action is terminated.

10      16.    Within thirty-five (35) days of the final determination of this action, each person or
11  party who has received information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT
12  TO PROTECTIVE ORDER shall be obligated to return the same, including any copies, or to destroy
13  such information and certify that it has been destroyed, except that the recipient need not destroy or
14  return transcripts of depositions and materials filed with the Court, and party may retain one archival
15  copy of all pleadings in the action, regardless of whether such pleadings (including appendices)
16  contain or refer to information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO
17  PROTECTIVE ORDER; provided, however, that the requirements of this Paragraph are subject to
18  the requirements of Paragraphs 9(h) and 11 of this Protective Order and to the routine business
19  practices of STATE FARM, and also subject to the regular business practices for maintenance and
20  destruction of client files by the parties' counsel. Within seven (7) days of the final determination
21  of this action, counsel of record who has provided information designated CONFIDENTIAL,
22  TRADE SECRET, or SUBJECT TO PROTECTIVE ORDER to other individuals must inform those
23  individuals that the matter has reached final determination and remind them of the return or
24  destruction obligation. **To the extent that this Protective Order requires the destruction or**
25  **return of documents at the conclusion of this case this requirement is not intended to require**
26  **STATE FARM to return or destroy any documents that it is otherwise required by law or**
27  **otherwise to maintain and as set forth in Paragraph 11.**

28      Notwithstanding the foregoing, nothing in this Protective Order shall have any impact on

1  counsel's requirement and/or obligation to preserve client files to the extent required by the Nevada
2  Rules of Professional Conduct or otherwise under Nevada law. Nor shall anyone subject to this
3  Protective Order have any obligation to attempt to destroy electronically stored data, backup files,
4  cached versions and/or data on back up versions of computer hard drives.

5      17.    This Protective Order may be modified by the Court at any time for good cause
6  shown following notice to all parties and an opportunity for them to be heard.

7      18.    Nothing in this Protective Order shall prohibit any party from filing a motion seeking
8  further or different protection from the Court, or from filing a motion with respect to the manner in
9  which the information designated CONFIDENTIAL, TRADE SECRET, or SUBJECT TO
10 PROTECTIVE ORDER shall be treated at trial.

11     19.    Any party wishing to use any CONFIDENTIAL, TRADE SECRET, or SUBJECT
12 TO PROTECTIVE ORDER information or document in any brief, memorandum, motion, affidavit,
13 or other paper filed with the Court shall file the document under seal and in accordance with the
14 Nevada Rules Governing Sealing and Redacting Court Records.

15     20.    In any action or proceeding to enforce this Stipulated Protective Order, the prevailing
16 party shall be entitled to recover its reasonable attorneys' fees and costs, without limiting any other
17 relief that may be available.

18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /



1  ~~This Order shall remain in effect after the conclusion of this case and the Court shall retain~~
2  ~~jurisdiction to enforce its terms and to prevent or punish violations of it.~~

| | |
|---|---|
| Dated this 1st day of August, 2025 | Dated this 1st day of August, 2025 |
| LEVERTY & ASSOCIATES LAW, CHTD. | LEWIS BRISBOIS BISGAARD & SMITH LLP |
| /s/ William R. Ginn<br>Patrick R. Leverty, Esq.<br>Nevada Bar No. 8840<br>William R. Ginn, Esq.<br>Nevada Bar No. 6989<br>832 Willow Street<br>Reno, Nevada 89502<br>*Attorneys for Plaintiffs* | /s/ Francis A. Arenas<br>ROBERT W. FREEMAN<br>Nevada Bar No. 3062<br>FRANCIS A. ARENAS<br>Nevada Bar No. 6557<br>6385 S. Rainbow Boulevard, Suite 600<br>Las Vegas, Nevada 89118<br>*Attorneys for Defendant State Farm Mutual Automobile Insurance Company* |

**ORDER**

**The Protective Order is modified to reflect that although the parties may agree to be bound by the confidentiality terms of this Order beyond the conclusion of this lawsuit, the dismissal of this action will terminate the jurisdiction of this Court.**

**IT IS SO ORDERED**.

DATED this 4th day of August, 2025.

_____
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

The undersigned, _____, hereby acknowledges receipt of that certain Protective Order entered in *Jamie Dodge, et al v. State Farm Fire and Casualty Company, et al.*, Case No.:3:25-cv-00245-ART-CSD of the United States District Court District of Nevada Northern Division. I have reviewed that Protective Order and hereby agree to be bound by the terms thereof.

Date:  _____

By:  _____